MARGARET A. SWIFT, Appellant, *v.* CHARLES H. SWIFT and MARY
LOUISA SWIFT, Respondents.

*Dower — reference to assess damages for the withholding thereof — costs set off against
the costs of an adverse party.*

In an action brought to recover dower in real estate occupied by one of the
defendants, and damages for withholding the same, the defendants appeared,
but did not answer. After the usual reference commissioners were appointed,
who made a report admeasuring the plaintiff's dower, but did not report on
the question of damages.

After such report was made, and before the entry of judgment, the plaintiff
· applied for and obtained an order of reference to compute her damages. Such
order of reference provided that the referee was authorized to determine whether
the plaintiff's damages, "if any, were taken into consideration by the commis-
sioners heretofore appointed herein for the admeasurement of plaintiff's dower
in said premises, and whether said commissioners made plaintiff due and full
compensation for such damages in their award."

The referee reported as follows : "That said commissioners took into considera-
tion the farm as it stood when the division was made, as to the crops being on
the land or off, and made plaintiff due, full, complete and adequate compensa-
tion for any and all inequalities which existed in the land set apart to her by
reason of hay or pasture being removed therefrom, and any and all damages
which she sustained by reason of the dower being withheld from her in said
farm by the defendant."

*Held,* that under the order of reference which was obtained and entered by the
plaintiff, the referee was authorized to receive evidence as to the action and
finding of the commissioners, although the latter made no formal report on the
question of the plaintiff's damages.

The judgment as entered contained no provisions in reference to the plaintiff's
claim for damages, or for the costs of the defendants on their motion for an
order confirming the referee's report denying plaintiff's claim for damages.

*Held,* that the proper procedure when the final judgment was entered would
have been to deduct the motion costs of the defendants from the amount of
the plaintiff's claim and insert in the judgment a clause denying the plaintiff's
claim for damages;

That the judgment might be amended by an order confirming the report of the
referee denying the plaintiff's claim for damages and directing that the costs of
such motion as taxed be set off against the plaintiff's costs in the final
judgment.

APPEAL by the plaintiff, Margaret A. Swift, from an order of the
Supreme Court, made at the Ulster Special Term and entered in the
office of the clerk of the county of Albany on the 22d day of

March, 1895, confirming the report of the referee and offsetting the costs allowed and taxed to the defendants upon their motion for such order, against the costs allowed and taxed to the plaintiff in the final judgment, with notice of an intention to bring up for review upon such appeal an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 26th day of February, 1895, granting a stay of proceedings.

*S. A. Hungerford* and *Lewis Cass*, for the appellant.

*Walter E. Ward*, for the respondents.

PUTNAM, P. J. :

The practice adopted in this action is not to be commended. It was brought to recover dower in real estate occupied by defendant Charles H. Swift, and damages for withholding the same. The defendants appeared in the action, but served no answer. After the usual reference, commissioners were appointed, who made a report, admeasuring plaintiff's dower, dated July 30, 1892. The commissioners did not report on the question of damages. After such report was made and before the entry of judgment plaintiff applied for an order of reference to a referee to compute her damages. The order asked for was granted on the 26th day of November, 1892. It appeared that defendants had paid plaintiff for the use of her part of the premises up to April 1, 1892, so that the only damage, if any, she was entitled to was for the withholding her dower from that date until July 30, 1892, the date of the report of the commissioners.

It is claimed by plaintiff that defendants not having answered or set up any counterclaim, the referee to compute damages for the withholding of plaintiff's dower erred in receiving evidence tending to show a counterclaim offered by defendants and in acting upon such evidence. But it will be observed that the order of reference which plaintiff obtained provided that the referee was authorized to determine whether plaintiff's damages, " if any, were taken into consideration by the commissioners heretofore appointed herein for the admeasurement of plaintiff's dower in said premises and whether said commissioners made plaintiff due and full compensa-

tion for such damages in their award." And the referee reported as follows : " That said commissioners took into consideration the farm as it stood when the division was made, as to the crops being on the land or off, and made plaintiff due, full, complete and adequate compensation for any and all inequalities which existed in the land set apart to her by reason of hay or pasture being removed therefrom, and any and all damages which she sustained by reason of the dower being withheld from her in said farm by the defendant Charles H. Swift from April 1st, 1892, to the time such division was made."

We are of opinion that the evidence sustained this finding of the referee, and that under the order of reference which was obtained and entered by the plaintiff the referee was authorized to receive evidence as to the action and finding of the commissioners although the latter made no formal report on the question of plaintiff's damages.

We think, therefore, that the conclusion reached by the referee against plaintiff's claim for damages for withholding her dower for the three months in question was right and should be sustained. The commissioners had considered her claim, compensated her, and the order of reference which plaintiff obtained allowed the referee to consider the action of the commissioners.

On the report of the referee disallowing plaintiff's claim defendants entered a separate judgment for costs as if a separate action were pending for damages. The judgment was afterward set aside by the court. Afterward the plaintiff entered a final judgment in favor of herself for the admeasurement of her dower with costs. This judgment contained no provisions in reference to plaintiff's claim for damages. The defendants then made a motion that the report of the referee denying plaintiff's claim for damages be confirmed and that the costs of such motion, which were taxed at $159.53, be set off against plaintiff's costs in the final judgment. The motion was granted and the order made, from which this appeal is taken.

The proper procedure would have been, when the final judgment was entered, to have deducted such motion costs as defendants were entitled to from the amount of plaintiff's claim, and also

to have inserted in the judgment a clause denying plaintiff's claim for damages. But the judgment containing no provisions in regard to the claim of plaintiff for damages or for the costs of the defendants on the motion, we see no legal objection to the remedying of the omission by the order in question. It may be regarded as an amendment of the judgment.

We think, however, there was an error in the amount of costs allowed. No answer was served; there was no issue; hence defendants were only entitled to motion costs, ten dollars; referee's fees, eighty dollars; witness fees, three dollars and ten cents; and postage, twenty-four cents; in all ninety-three dollars and thirty-four cents.

The order should be modified accordingly, and as modified affirmed, without costs to either party.

FURSMAN, J., concurred; HERRICK, J., not acting.